**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| SHANA PATTY, | ) | |
|      *Plaintiff*, | ) | |
| | ) | Case No: 3:25-cv-00296-CHS |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
|      *Defendant*. | ) | |

**<u>MEMORANDUM OPINION</u>**

**I.     Introduction**

Plaintiff Shana Patty ("Plaintiff") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of benefits and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34 and Title XVI of the Act, 42 U.S.C. §§ 1381-83f. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 17].

Each party has filed a brief seeking judgment in their favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 15, 19, 20]. For reasons that follow, Plaintiff's request for relief [Docs. 15, 20] will be **DENIED**, the Commissioner's request for relief [Doc. 19] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

**II.    Procedural History**

On August 18, 2022, Plaintiff applied for disability insurance benefits under the Act,

alleging disability as of January 1, 2022. (Tr. 17). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

A hearing was held on May 22, 2024, that included Plaintiff's attorney. *Id*. Administrative Law Judge K. Dickson-Grissom ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 35-54). The ALJ then rendered her decision on July 19, 2024, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 17-28).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 3] on June 26, 2025, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs, and this matter is ripe for adjudication.

## III.    Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2025.

2. The claimant has not engaged in substantial gainful activity since January 1, 2022, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: disorder of skeletal spine, abnormality of major joints (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she may perform all postural activities occasionally. She must avoid workplace hazards such as unprotected heights or around dangerous or moving machinery. She must avoid concentrated exposure to pulmonary irritants such as dust, smoke

fumes, noxious gases, etc.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 30, 1973, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964)

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2022, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 17-28).

## IV.    Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute

their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs*., 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec*., 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## V.      Analysis

Plaintiff argues that the ALJ erred because the ALJ did not properly evaluate Plaintiff's subjective symptom complaints in accordance with SSR 16-3p. [Doc. 15 at 5]. Specifically, Plaintiff claims that the ALJ failed to "build the requisite accurate and logical bridge by identifying which [of Plaintiff's] allegations were not credible," and by "cherry-picking Plaintiff's testimony by omitting pertinent facts." [*Id.*] Plaintiff also mentions that her daily activities—which Plaintiff talks about in her function reports and hearing testimony—do not equate to her ability to work on a regular basis. [*Id.*]

Relevant Social Security regulations state that a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a). Instead, the record must contain objective medical evidence from an acceptable medical source that shows the claimant has a medical impairment that reasonably could be expected to produce the pain or other alleged symptoms. *Id.* Thus, the Sixth Circuit has held that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security,* 105 F. App'x. 794, 801 (6th Cir. 2004). But, if a disabling condition cannot be shown by the objective medical evidence, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* To do this, the ALJ will look at other factors such as (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) the type and dosage of medication claimant is taking; (4) precipitating and aggravating factors; (5) the claimant's functional restrictions; and (6) any other relevant evidence in the record. *Id.*; *See* 20 C.F.R. 404.1529(c), 416.929(c). The ALJ is not required to discuss every factor or provide a factor-by-factor analysis. *Storey v. Comm'r of Soc. Sec.*, 181 F.3d 104 (6th Cir. 1999).

Plaintiff argues that the ALJ did not specifically state whether he rejected certain allegations from Plaintiff. For example, Plaintiff states that the following allegations from Plaintiff were not addressed by the ALJ: (1) Plaintiff's inability to lift or carry more than five pounds, (2) Plaintiff's inability to sit for prolonged periods of time greater than two hours, and (3) Plaintiff's inability to walk more than twenty-five feet. [Doc. 15 at 8]. The Court notes, however, that the ALJ did explain why Plaintiff's testimony on these issues was inconsistent with the medical evidence in the record. For example, the ALJ found the prior administrative medical consultants' opinions persuasive. (Tr. 26). The prior administrative doctors found that Plaintiff could sit and

stand/walk for six hours in an eight-hour workday, lift up to twenty pounds frequently, and lift up to ten pounds occasionally. (Tr. 26, 79, 103-04). The ALJ noted that this was consistent with the other medical evidence in the record which showed Plaintiff's mostly benign physical examinations and degeneration of her joints that is "normal for people her age." (Tr. 26). Additionally, the ALJ pointed to objective examinations in the record which documented Plaintiff's normal strength and tone, normal gait and station, normal muscle mass, normal or nearly normal range of motion in her hips and knees, and examinations showing benign findings. (Tr. 24-25, 358, 420, 446, 593, 668, 676, 1144, 1148). This objective evidence conflicts with Plaintiff's testimony that she sometimes cannot lift more than five pounds, sit for longer than two hours, or walk more than twenty-five feet. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 444 (6th Cir. 2010) (upholding the ALJ's RFC finding where medical evidence of normal motor strength and normal gait contradicted Plaintiff's subjective complaints).

Further, the Sixth Circuit and the regulations only require that the ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and [] be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 618 F. App'x 281, 286 (6th Cir. 2015) (citing SSR 96-7P (S.S.A. July 2, 1996). And other courts in this circuit have rejected the idea that the ALJ must conduct a line-by-line analysis of every complaint and symptom in the record. *See, e.g.*, *Rocky W. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-00124, 2023 WL 4116606, at *9 (S.D. Ohio June 22, 2023) ("There is no requirement that an ALJ specifically analyze each and every symptom and complaint."); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 807 (E.D. Mich. 2013) ("As long as the final decision incorporates all of the claimant's impairments—and here, the ALJ stated she did consider

all of [the claimant's] 'subjective symptoms and complaints'—the fact an ALJ did not specifically state every piece of evidence or every symptom is not an error."). Regardless, the Court finds that the ALJ sufficiently addressed Plaintiff's allegations regarding lifting, sitting, and walking.

The ALJ also discussed the effectiveness of the different treatments Plaintiff participated in and pain medications Plaintiff took which improved her discomfort. (Tr. 24-26). For example, the ALJ noted that physical therapy improved her ability to move and reduced her pain. (Tr. 24, 637-38). Plaintiff went to physical therapy for her left knee in 2022, and regained full range of motion and improved control of her knee following several sessions, even though she was not always compliant with her home exercise program. (*Id.*) The ALJ also noted that Plaintiff had issues with her right knee. (Tr. 25). Plaintiff was prescribed Mobic, which improved the pain somewhat, and was later given a steroid injection, which improved the pain in her knee to the point that "she felt comfortable walking up and down the stairs." (Tr. 25, 1151, 1152). Thus, the ALJ sufficiently explained why Plaintiff's subjective allegations of pain were not supported because her pain decreased with treatment and medication.

Next, the ALJ viewed and analyzed all the evidence in the record to resolve the conflicts between Plaintiff's testimony and the evidence. The ALJ noted that Plaintiff participates in activities that are not consistent with her alleged pain and limitations, including that she cannot lift, sit or walk further than twenty-five feet without difficulty. (Tr. 24-26). For example, the ALJ noted that Plaintiff cared for her pets, went to social gatherings at church, shopped in stores, performed household chores, drove, prepared daily meals, and worked as a substitute teacher two to three days a week. (Tr. 20, 23-26, 264, 298). And while Plaintiff is correct that this evidence alone does not prove her ability to work, it does show that she can do more than she has alleged. *See Knapp v. Comm'r of Soc. Sec.*, No. 22-2055, 2023 WL 6800153, at *3 (6th Cir. Oct. 16, 2023)

("The ALJ reasonably relied on Knapp's ability to carry out some activities of daily living, such as driving, shopping, fixing meals, doing small loads of laundry, and feeding and caring for her pet dog, in concluding that she was not as limited as she had claimed."). Thus, the ALJ noted, the medical evidence in the record does not support a more limiting RFC than the one prescribed. *See Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 448 (6th Cir. 2017) ("[S]ubstantial evidence supports the ALJ's finding that the totality of Amir's daily functioning activities suggests greater functional capacity than described by Dr. Suleima."). In this respect, the Sixth Circuit has noted that the ALJ's credibility evaluation "must be accorded great weight and deference." *Workman*, 105 F. App'x at 801. This Court is not tasked with reweighing the evidence. The ALJ reasonably concluded that Plaintiff's subjective allegations and testimony were contradicted by the medical evidence in the record. Therefore, this Court finds that there is substantial evidence to support the ALJ's decision.

## VI.    Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 15, 20] will be **DENIED**, the Commissioner's request for relief [Doc. 19] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE